IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00349-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN BRIAN ELTRINGHAM,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on October 27, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

   (1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (2)   the weight of the evidence against the person;

   (3)   the history and characteristics of the person, including –

      (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment in Count One with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and in Count Two with Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1).

Second, based upon the Indictment, I find probable cause exists as to the above listed charges.

Third, I find that nature of the charges in this case involve the possession of a firearm and ammunition by a previously convicted felon.

Fourth, I find that defendant has no assets and owes $19,000 in medical bills.  Defendant has used one alias name in the past.  Defendant does not have a valid Colorado driver's license.  Defendant has been diagnosed with Addison's disease, bipolar disorder and PTSD. As a child, defendant was diagnosis with ADHD. In defendant's District of Montana Case No. CR-12-11-H-DLC he underwent a competency evaluation.  Defendant has report 20 suicide attempts and numerous psychiatric hospitalizations.  Defendant denied in court any suicide attempts.  Defendant has a history of being prescribed Ritalin, Depakote, Trazondone; Resperdal; Zyprexa, Strattera, Wellbutrin; Abilify and Lithium.  Defendant has a history of hearing voices, feelings of paranoia, nightmares, depression, hypomania, impulsivity and he is prone to violent outbursts, irrational feelings and mood swings.  BOP evaluators diagnosed the defendant with bipolar disorder, ADHD, alcohol and cannabis dependence, and borderline personality disorder with dependant traits.  Defendant has used alcohol at age six; marijuana at age 17; and has also used cocaine, heroin, methamphetamine, psilocibin mushrooms.

Fifth, I find that defendant has suffered adult convictions for Threaten Crime with Intent to Terrorize (felony); False Information; Distribution of Methamphetamine (felony); Conspiracy: False/ETC Indictment (181 (A)(2)(PC) (felony); Threaten/School/Public Offender/Employee (felony); Speeding 20-24 Miles Over Posted Limit; and Criminal Mischief Under $300.  Defendant has suffered two prior

failures to appear resulting in warrants being issued. Defendant has had his supervised released revoked in the past. Defendant has had a prior Contempt of Court warrant issued against him. Defendant has the following pending criminal cases: (1) Fugitive (felony) case in the El Paso County District Court Case No. 17-CR-3548; (2) Issuing False Financial Statement- False Form (misd) case in Teller County Court Case No. 17-M-351; and (3) Driving Under Restraint case in Teller County Court Case No. 17-T-600. There is an active felony warrant out of the Clackamas County Sheriff's Office in Oregon City, Oregon for two felony counts of Second Degree Assault which reportedly occurred on May 6, 2016. Defendant is not contesting detention at this time.

      In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community. Accordingly, I order that the defendant be detained without bond.

      Done this 27th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge